### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

UNITED STATES OF AMERICA,

     **Plaintiff,**

  **v.**

DAKOTA WRIGHT,

     **Defendant.**

)
) **CASE NO.: 1:12-CR-450**
)
) **JUDGE DAN A. POLSTER**
)
)
)
) <u>**OPINION AND ORDER**</u>
)

Before the Court is Defendant Dakota Wright's Motion for Compassionate Release and Appointment of Counsel. ECF Doc. 187.  For the following reasons, Wright's Motion is **DENIED**.

### I. Background

Dakota Wright was indicted as one of three (3) defendants on December 24, 2008, in a two-count indictment. ECF Doc. 1. Wright was charged with bank robbery and aiding and abetting and use of a firearm during a crime of violence and aiding and abetting. *Id*. Wright subsequently plead guilty to both counts. ECF Doc. 96. Wright was sentenced to 200 months incarceration along with five (5) years of supervised release. ECF Doc. 291. Wright is currently being held at FCI McKean with a release date of December 27, 2025.[1]

On July 29, 2021, Wright petitioned the Court to appoint counsel to help him file a Motion for Compassionate Release. ECF Doc. 187. Wright is thirty-five (35) years old and reports no health issues. ECF Doc. 187. In Wright's Motion, he contends that due to his recovery from contracting COVID-19 and his facilities' harsh conditions of imprisonment, he asks the Court to grant compassionate release. *Id*. at 2.

---

[1]*Find an Inmate*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/.

## II.    Discussion[2]

Compassionate release is authorized by 18 U.S.C. § 3582(c)(1). When a defendant is under 70 years old and has served less than 30 years in prison, several requirements must be met to warrant a sentence modification. § 3582(c)(1)(A).  First, a court must find that "extraordinary and compelling reasons warrant such a reduction." *Id*. Second, the court must find that the reduction in sentence is warranted upon consideration of "the factors set forth in §3553(a) to the extent that they are applicable." § 3582(c)(1)(A).

### A. Extraordinary and Compelling Reasons

Within the context of the COVID-19 pandemic, concerns of contracting the virus become an "extraordinary and compelling reason" to grant compassionate release when (1) the defendant is at high risk of having complications from COVID-19 and (2) the prison where the defendant is held has a severe COVID-19 outbreak. *See United States v. Jones,* No. 20-3701, 980 F.3d 1098, 1109 (6th Cir. Nov. 20, 2020) ("Until the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release…").

With regards to (1), Wright has failed to provide the Court with any documented medical condition(s) that would warrant relief. ECF Doc. 187. Furthermore, Wright's Motion fails on the second prong of the "extraordinary and compelling reasons" test. While 416 inmates at FCI McKean have tested positive for COVID-19 over the entirety of the pandemic, at present there is only one (1) active COVID-19 case at FCI McKean.[3] Even more so, 634 out of 958 inmates at FCI

---

[2] Before filing a motion for compassionate release, defendants must satisfy 18 U.S.C. §3582(c)(1)(A)(i)'s exhaustion requirement. In the case at hand, it appears that Wright fully exhausted all administrative remedies before filing his Motion with the Court. Therefore, the Court moves directly to the merits.

[3] Federal Bureau of Prisons, *COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/ (last accessed Aug. 3, 2021).

McKean are fully vaccinated. Notably, Wright does not disclose to the Court whether he has been vaccinated or not. This Court recognizes the severe risks COVID-19 poses to inmates, but simply the existence of the pandemic does not authorize the Court to release inmates when the facility in question has not been severely impacted. *See United States v. Brown*, No. 5:18 CR 111, Doc. #: 48 at 3 (N.D. Ohio May 21, 2020). Accordingly, the Court finds that Wright fails to establish "extraordinary and compelling reasons" for compassionate release.

### B. Other Relevant Elements

Even if the Court were to find that Wright established "extraordinary and compelling reasons" for compassionate release, reduction of his sentence still would not be appropriate. Compassionate release is inappropriate upon consideration of the sentencing factors in 18 U.S.C. § 3553(a). The statute lists seven factors the Court must weigh:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range.;
(5) any pertinent policy statement;
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). When a court initially considers the § 3553(a) factors during sentencing, the court need not pen a lengthy opinion regarding 3553(a) factors. *See United States v. Jones*, 2020 U.S. App. LEXIS 36620, at *30 ("Reading the judge's compassionate release decision and the original sentencing hearing transcript together reveals that the district judge carefully considered all relevant § 3553(a) factors."). When deliberating a motion for compassionate release, the Court must decide whether to weigh the factors differently because of a change in circumstances.

3

Here, Wright was sentenced to 200 months in prison. ECF Doc. 118. Wight has more than four (4) years of his sentence remaining. *See United States v. Ruffin*, 978 F.3d 1000, 1008 (6th Cir. 2020) (noting that in deciding whether to grant a sentence reduction, the amount of time the defendant has served on his sentence encompasses several § 3553(a) sentencing factors.). Furthermore, Wright has failed to establish that he no longer poses a danger to the safety of any other person or the community as he provides the Court with no evidence of a change in circumstances and his current offenses are very serious crimes in any event. Wright was involved in multiple armed robberies and has a lengthy criminal record including ten (10) previous convictions, starting at age 18, and continuing consistently until the time of his present offenses. ECF Doc. 106. *See United States v. Relliford*, No. 20-3868, 2021 U.S. App. LEXIS 5188, at *2-3 (6th Cir. Feb. 22, 2021) (finding that a district court properly weighed the 3553(a) factors, when the court considered the seriousness of the defendant's current offense and the length of time remaining on Defendant's sentence.) Given these facts, the § 3553(a) factors weigh against granting Wright compassionate release, and appointing counsel at this stage will not undo this fact. *See United States v. Kontrol*, 554 F.3d 1089, 1093 (6th Cir. 2009) (district courts have "broad discretion to determine what sentence will serve [§ 3553(a)'s] statutory objectives.").

### III.    Conclusion

For the above reasons, Defendant Dakota Wright's Motion for Compassionate Release (ECF Doc. 187) is hereby **DENIED.**


**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster August 4, 2021*
**Dan Aaron Polster**
**United States District Judge**

4